HELANE L. MORRISON (Cal. Bar No. 127752)
SUSAN F. LAMARCA (Cal. Bar No. 215231)
  (lamarcas@sec.gov)
MARK P. FICKES (Cal. Bar No. 178570)
  (fickesm@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>JEFFREY B. SCHMIDT; GARY L. GELNETTE; and NORMAN R. VALINE,<br><br>    Defendants. | Case No. C-05-5171 MHP<br><br>~~PROPOSED~~ FINAL JUDGMENT AS TO DEFENDANT NORMAN R. VALINE |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Norman R. Valine having acknowledged service of the Complaint; entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Valine and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Valine and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

|   |   |   |
|---|---|---|
| 1 | (c) | to engage in any transaction, practice, or course of business which operates or |
| 2 |  | would operate as a fraud or deceit upon the purchaser. |

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Valine and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Valine and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78*o*(a), by, directly or indirectly, through use of the means or instruments of transportation or communication in interstate commerce or the mails, acting as a broker and/or

1  effecting transactions in, inducing or attempting to induce the purchase or sale of, securities (other
2  than an exempted security or commercial paper, bankers' acceptances or commercial bills) without
3  being registered with the Commission in accordance with Section 15(b) of the Exchange Act, 15
4  U.S.C. § 78*o*(b).

5                                                           V.

6       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
7  Valine is liable for disgorgement of $145,000, representing gains resulting from the conduct alleged
8  in the Complaint, together with prejudgment interest thereon in the amount of $9,524, for a total of
9  $154,524.  Based on Defendant Valine's sworn representations in his Statement of Financial
10 Condition dated December 11, 2006, and other documents and information submitted to the
11 Commission, however, the Court is not ordering Defendant Valine to pay a civil penalty and payment
12 of all but $20,000 of the disgorgement and prejudgment interest thereon is waived.  Defendant Valine
13 shall also pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The
14 determination not to impose a civil penalty and to waive payment of all but $20,000 of the
15 disgorgement and prejudgment interest is contingent upon the accuracy and completeness of
16 Defendant Valine's Statement of Financial Condition.  If at any time following the entry of this Final
17 Judgment the Commission obtains information indicating that Defendant Valine's representations to
18 the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading,
19 inaccurate, or incomplete in any material respect as of the time such representations were made, the
20 Commission may, at its sole discretion and without prior notice to Defendant Valine, petition the
21 Court for an order requiring Defendant Valine to pay the unpaid portion of the disgorgement, pre-
22 judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the
23 law. In connection with any such petition, the only issue shall be whether the financial information
24 provided by Defendant Valine was fraudulent, misleading, inaccurate, or incomplete in any material
25 respect as of the time such representations were made.  In its petition, the Commission may move this
26 Court to consider all available remedies, including, but not limited to, ordering Defendant Valine to
27 pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final
28 Judgment. The Commission may also request additional discovery.  Defendant Valine may not, by

way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Valine shall satisfy his disgorgement obligation by paying $ 20,000 in two of installments according to the following schedule: (1) $10,000, within 120 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $10,000, within 360 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961. Defendant Valine shall make such payments to the Clerk of this Court, together with a cover letter identifying Norman R. Valine as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Valine shall simultaneously transmit photocopies of such payments and letter to the Commission's counsel in this action. By making this payment, Defendant Valine relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Valine. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant Valine shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. If Defendant Valine fails to make

1 any payment by the date agreed and/or in the amount agreed according to the schedule set forth

2 above, all outstanding payments under this Final Judgment, including post-judgment interest, minus

3 any payments made, shall become due and payable immediately without further application to the

4 Court.

VII.

6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

7 incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

8 Valine shall comply with all of the undertakings and agreements set forth therein.

VIII.

10 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

11 jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

13 There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

14 Procedure, the Clerk is hereby ordered to enter this Final Judgment forthwith and without further

15 notice.

18 Dated: 11/30/2007

_____
Marilyn
UNITED
IT IS SO ORDERED
Judge Marilyn H. Patel

1  Submitted by:
2
3
   /s/
4  Susan F. LaMarca
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2600
   San Francisco, California  94104
6  Telephone:  (415) 705-2456
   Facsimile:  (415) 705-2501
7  lamarcas@sec.gov
   Attorney for Plaintiff
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28